IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Case No. 3:21-cr-00525-MGL |
| | ) |
| Jeffrey Alan Benjamin | ) |
| | ) |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS FOR GRAND JURY BIAS

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby responds to the Defendant's "Motion to Dismiss for Grand Jury Bias" (Dkt. No. 161). In his motion, the Defendant asks that this Court dismiss the Superseding Indictment due to his speculation that members of the Grand Jury may have been SCANA customers, which he presumes without evidence to have tainted their deliberation. The burden the Defendant must meet to justify dismissal on this basis is extraordinarily high. Because the Defendant has failed to put forth any evidence sufficient to warrant this extreme remedy, this Court should deny his motion.

## ANALYSIS

First, the standard to dismiss an indictment, under any circumstances, is exacting. Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move to dismiss an indictment based on an "error in the grand-jury proceeding or preliminary hearing." Fed.R.Crim.P. 12(b)(3)(A)(v). As a general matter, the exercise of a court's supervisory authority to dismiss an indictment is a "drastic remedy" that "should be utilized with caution and only in extreme cases." *United States v. Walters*, 910 F.3d 11, 26 (2d Cir. 2018) (quoting *United States v. Brown*, 602 F.2d

1073, 1076 (2d Cir. 1979)). Although motions to dismiss an indictment based on grand jury bias are rare, several circuits have considered such claims and the relevant burden of proof. These courts agree that dismissal is an extreme remedy; in order to win it, defendants must meet a high burden, established by a substantial showing that the grand jury was *actually biased* against the defendant and that the defendant suffered *actual prejudice* as a result. *See, e.g., United States v. Smith*, 424 F.3d 992, 1003–04 (9th Cir. 2005) ("substantial proof of grand jury bias" based on "factual allegation of actual bias" is required to warrant dismissal of the indictment); *United States v. Two Eagle*, 318 F.3d 785, 793 (8th Cir. 2003) ("Dismissal of an indictment based on grand-jury bias is an extreme remedy, and the party seeking relief carries a heavy burden. A grand-jury indictment will only be dismissed upon a showing of actual prejudice to the accused").

While it is true that defendants are entitled to be charged by "an impartial and unbiased grand jury," the grand jury need not "deliberate in a sterile chamber." *United States v. Burke*, 700 F.2d 70, 82 (2d Cir. 1983) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). By their very nature, federal grand jury investigations frequently ask jurors to consider allegations of wrongdoing in their communities that might touch upon their lives. Crimes involving public corruption, environmental pollution, or widespread corporate wrongdoing all involve diffuse public harms, each of which might personally affect grand jurors. This does not make them "victims" in any formal sense, it does not *ipso facto* render them incapable of unbiased deliberation, and it does not vitiate their oaths.[1] Nor does mere speculation allow defendants allowed to "look behind the indictment" to investigate the inner workings of grand jurors and their

---

[1] The Government recently produced to the Court for *in camera* review the transcripts of both the presentment of the Superseding Indictment and the Grand Jury's orientation, as part of its response to the Defendant's Motion for Discovery of Grand Jury Materials (Dkt. No. 160). The Government refers the Court to those transcripts for additional context regarding the Grand Jury's instructions regarding their duties and obligations.

personal lives. *United States v. Jefferson*, 546 F.3d 300, 313 (4th Cir. 2008) (rejecting attempt to "look behind [the] indictment" based on "Supreme Court precedents that severely restrict any judicial inquiry into grand jury matters.").

The Defendant's insistence that the grand jury was "systematically and overwhelmingly biased"—simply because the panel *may have* included a SCANA customer—is as unfounded as it is inflammatory. Without any evidence at all, the Defendant baldly asserts that any SCANA customers that *might* have been on the grand jury were biased—presumably in connection with the pre-trial publicity discussed above—and that their assumed bias constitutes a "structural defect in the SSI that requires dismissal." Dkt. No. 161 at 7. However, the Defendant cannot properly seek dismissal based on such speculation. He does not establish any *actual* bias or prejudice by any grand juror in this case—let alone any instance in which a grand juror disregarded their sworn oath. He has also failed to demonstrate any prejudice he has suffered as a result; there is simply no reason for this Court to believe that a grand jury anywhere else, composed of any other jurors, would have denied the Government a true bill on the Defendant's Superseding Indictment.

Where other courts have encountered such unsupported accusations of bias, favor, and "statistical" assertions about the makeup of the grand jury, as those that the Defendant asserts here, courts have rejected them outright. *See, e.g.*, *United States v. Waldbaum, Inc.*, 593 F. Supp. 967, 970–71 (E.D.N.Y. 1984) (denying defense motion to dismiss—which argued that the "indictments in question were returned by a biased grand jury because the majority of grand jurors would perceive themselves as victims of the conspiracy alleged in the indictments"—because the defendant's statistically-based assertion that "someone on the grand jury *must* have been biased" was legally insufficient) (emphasis added); *see also United States v. Smith*, 424 F.3d 992, 1003–04 (9th Cir. 2005) (generalized allegations insufficient; defendant must show "actual bias").

3

As the Court in *Waldbaum* explained in denying a defendant's motion raising nearly identical—and equally speculative—arguments as the Defendant asserts here:

> if per chance one or more members of the grand jury was so disgruntled as to forsake his or her oath as a grand juror, then defendant[] may take comfort in the fact that "[i]f a grand jury is prejudiced by outside sources when in fact there is insufficient evidence to indict, the greatest safeguard to the liberty of the accused is the petit jury and the rules governing its determination of a defendant's guilt or innocence."

593 F. Supp. at 971 (quoting *Silverthorne v. United States*, 400 F.2d 627, 634 (9th Cir. 1968)). The Defendant may not engage in bias-focused fishing expeditions, and with "no evidence of *actual* grand [jury] bias or prejudice," *id.* (emphasis added), his arguments fail.

The primary remedy for defendants seeking protection from what they perceive to be a biased local population is transfer, not dismissal. The Defendant has already received this benefit. In his motion to transfer, the Defendant argued that the jury pool in Columbia was biased due to unfavorable pretrial publicity. Though this argument was interwoven with his arguments regarding the ratebase, he has not renewed his arguments regarding publicity in his motion to dismiss. For good reason.[2] To warrant a dismissal of an indictment on the basis of pretrial

---

[2] Nearly sixty years ago, preeminent legal scholar James Moore observed: "[o]ccasionally an indictment is attacked on the ground that it was induced by prejudicial publicity, an argument more commonly raised as an issue of fair trial. It does not appear that any indictment has thus far been dismissed on this ground." 8 J. Moore, Federal Practice-Criminal Rules P6.03(4), at 6—42.3 (2d ed. 1965). Two decades later, another observer remarked that "while the issue has been raised innumerable times, defendants have been unable to point to a final decision in a single case where an indictment has been dismissed upon the ground that the grand jury was prejudiced by pre-trial publicity." *United States v. Myers*, 510 F. Supp. 323, 325 (E.D.N.Y. 1980). Two years ago, the Eastern District of New York again acknowledged that a defendant asserting this argument was "unable to cite a single case where a court has taken the extreme step of dismissing an indictment solely based on pre-indictment publicity, whether instigated by the prosecutor or simply derived from the media at large." *United States v. Woodberry*, 546 F. Supp. 3d 180, 188 (E.D.N.Y. 2021) (quoting *United States v. Silver*, 103 F. Supp.3d 370, 380 (S.D.N.Y. 2015), where the Southern District of New York made the same finding). Perhaps unsurprisingly, the search for favorable law eludes the Defendant too. No court has yet dismissed an indictment due to allegations of grand jury bias based on preindictment publicity.

publicity, a defendant must establish that he cannot obtain a fair trial *anywhere in the country* owing to prejudicial pre-trial publicity. *See United States v. Lindh*, 212 F. Supp. 2d 541, 548 (E.D. Va. 2002) (quoting *United States v. Abbott Laboratories*, 505 F.2d 565, 571 (4th Cir. 1974)). Dismissal is appropriate only where a defendant establishes that prejudicial pre-trial publicity is "so widespread and pervasive that a change of venue would be ineffective to assure a defendant a fair trial." *Id*.

The Grand Jury returned a true bill on the Superseding Indictment on February 21, 2023. This Court's decision the following day to hold the trial in Greenville has no impact on its sufficiency. Furthermore, the Defendant has not come close to satisfying the extraordinarily high bar for dismissal of the Superseding Indictment. He has offered no factual support for his accusations of actual grand juror bias, or shown actual prejudice he has suffered as a result. For these reasons, this Court should deny the Defendant's motion.

        Respectfully submitted,

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

By:    /s/*Brook B. Andrews*
        BROOK B. ANDREWS (#10231)
        WINSTON D. HOLLIDAY, JR. (#7597)
        WILLIAM SCHURMANN (PHV)
        Assistant United States Attorneys
        1441 Main St., Ste. 500
        Columbia, SC 29201
        (803) 929-3000
        Brook.Andrews@usdoj.gov
        *Attorneys for the United States of America*

June 14, 2023